IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES, a home rule
municipal corporation,

    Petitioner,

v.                                                                    Civ. No. 99-0259 RLP\LFG

EL PASO ELECTRIC COMPANY, a
Texas corporation; STATE STREET
BANK AND TRUST COMPANY, as
Trustee; PROPERTY DIVISION OF
THE TAXATION AND REVENUE
DEPARTMENT OF THE STATE OF
NEW MEXICO; COUNTY OF DOÑA
ANA; and ANY AND ALL UNKNOWN
CLAIMANTS OF THE PROPERTY
INVOLVED,

    Respondents.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court upon the Motion by Petitioner City of Las Cruces (the "City") for an expedited hearing on its Motion For Remand, which was held on March 23, 1999. After hearing oral arguments and reviewing the parties' submissions, I find that the City's Motion to Remand should be denied for all of the reasons set forth below.

FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 1999 the City filed its Petition for Condemnation in the Third Judicial District Court (County of Doña Ana) in cause Civ. No. 99-187. *Exhibit E* attached to Verified Amended Notice of Removal [Doc. 2]. The named Respondents in the Petition are El Paso Electric Company ("EPE"), a Texas corporation; State Street Bank and Trust

Company (the "Bank"), a Massachusetts corporation; the Property Division of the Taxation and Revenue Department of the State of New Mexico (the "Department"); the County of Doña Ana (the "County"); and "any and all unknown claimants of the property involved" (the "Unknown Claimants").

The condemnation proceeding was brought pursuant to New Mexico constitutional and statutory provisions which provide that municipalities, such as the City, may institute eminent domain proceedings against public utilities, of which EPE is one. *See* N.M. Const. art. II, § 20 & art. XI § 18; NMSA 1978 §§ 42A-1-1 *et seq.* (1994 Repl.) (the Eminent Domain Code). Shortly after receipt of the State court pleadings, EPE and the Bank filed their Notice of Removal on March 9, 1999 [Doc. 1]. A Verified Amended Notice of Removal was filed on March 11, 1999 [Doc. 2]. The basis of removal was diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy, the appraised value of the property, is in excess of $36 million dollars.

In response, the City filed a Motion to Remand [Doc. 8], alleging procedural and substantive deficiencies in the removal. First, the City claimed that complete diversity was missing because both the Department and the County are New Mexico agencies and the City is of course a New Mexico municipality. Second, the City argued that all defendants had not consented to the removal. Neither the Department nor the County had filed a consent to remove. The Bank's consent was also deficient, the City argued, because it was signed by an attorney not authorized to practice law in New Mexico.

EPE and the Bank filed their Response to the City's Motion [Doc. 12]. They argued that both the Department and the Bank were nominal or fraudulently joined parties;

2

therefore, their consent to remove was unnecessary and their locale was irrelevant. Without conceding the point, EPE and the Bank pointed out that the Verified Amended Notice of Removal was signed on behalf of the Bank by an attorney who is licensed to practice in New Mexico. [1]

ANALYSIS

As framed at oral arguments, the issue before the court is whether the Department or the County are nominal or fraudulently joined parties.[2] If either of those defendants are other than nominal, then consent to removal was not obtained, complete diversity is destroyed, and the case must be remanded to State court.

1. Removal and Diversity Jurisdiction

"'A petition [notice] for removal fails unless all defendants join it.'" *Henderson v. Holmes*, 920 F. Supp. 1184, 1196 (D. Kan. 1996) (quoting *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994)). "Exceptions exist for the non-joinder of nominal, unknown, unserved or fraudulently joined defendants." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3rd Cir.

---

[1] Although the City made the conclusory argument that the Notice of Removal was deficient because it was signed by an attorney not admitted to practice law in New Mexico, no legal authority was advanced in support of this contention. To the extent that the argument is still alive in the City's mind, the court notes that removal requires each party's independent and unambiguous consent. *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996). The signature of an agent with apparent authority (*i.e.*, an attorney) meets this definition, regardless of where counsel is admitted to practice law.

[2] EPE and the Bank have argued fraudulent joinder, but during oral arguments it was clear that the issue is whether the Department or the County are merely nominal parties, whose presence cannot defeat removal or diversity. Thus, this opinion does not discuss fraudulent joinder.

3

1995)). Similarly, nominal parties' citizenship is ignored for diversity jurisdiction. *State v. Oklahoma Natural Gas Corp.*, 83 F.2d 986, 988 (10th Cir. 1936). Thus, the analysis for both removal and diversity jurisdiction is the same: whether the Department or the County are nominal defendants?

    2. Nominal defendants

A party is considered nominal "if 'no cause of action or claim for relief is or could be stated against him or on his behalf. . . .'" *Mathews v. County of Fremont*, 826 F. Supp. 1315, 1318 (D. Wyo. 1993) (quoting *Norman v. Cuomo*, 796 F. Supp. 654, 658 (N.D.N.Y. 1992)). "A nominal party has also been described as one that has no interest in the outcome of the litigation other than as a stakeholder or depository." *Id.* (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986)). The court looks at State law to determine whether a party is nominal. *Oklahoma Nat. Gas Corp.*, 83 F.2d at 988; *Farias v. Bexar*, 925 F.2d 866, 871-72 (5th Cir. 1991).

    a. County of Doña Ana[3]

With regard to the County, the sole mention of this party in the Petition for Condemnation states "[County of Doña Ana] may have a claim against the subject properties for ad valorem taxes by virtue of a lien on said property for ad valorem taxes from January 1, 1999." *Exhibit E*. No relief is sought from the County by the City. The parties did not cite to, and the court could not find, any requirement under New Mexico law that mandates a county to be named in condemnation proceedings.

---

[3] No representative for the County was present at oral arguments. Counsel for the parties present stated that the County's attorney took no position on removal and declined to appear at the hearing.

There is statutory authority requiring the condemning authority to notify the county assessor after the "issuance of a court order making permanent an order of preliminary entry in any condemnation proceeding brought by any governmental authority in this state exercising the power of eminent domain . . . ." NMSA 1978 § 7-38-16(A). This provision indicates that the County is not a necessary party to condemnation proceedings and only requires notification after the condemnation petition is granted to "make appropriate changes in [the] valuation records to indicate as owner of the land for property taxation purposes . . . ." § 7-38-16(B). The county assessor is charged with notifying "the department" if the land is subject to valuation for property tax purposes. *Id.* The "department" is the state taxation and revenue department. § 7-1-3(A). As explained in *Colfax County v. Angel Fire Corp.*, 848 P.2d 532 (N.M. Ct. App. 1993), a county has no authority to enforce tax liens.

The foregoing indicates that the City has no claim against the County and cannot obtain any relief from the County. At best the County is merely a nominal party. As such, its New Mexico citizenship cannot destroy diversity jurisdiction and the County's consent to removal was not required.

### b. Taxation and Revenue Department[4]

The same claim that was made against the County is also made against the Department, *i.e.*, "[The New Mexico State Taxation and Revenue Department] . . . may

---

[4] Counsel for the Department appeared at the hearing to advise the court that the Department took no position on the City's Motion to Remand. Counsel also noted that the Department had filed a Notice of Disclaimer of Interest, which indicates that EPE had stipulated that it was liable for all taxes based on the January 1, 1999 valuation.

have a claim against the subject properties for ad valorem taxes by virtue of a lien on said property for ad valorem taxes from January 1, 1999." *Exhibit E*. No relief is sought from the Department by the City.

Any tax liens on the subject property cannot be impaired by a condemnation proceeding. Tax liens are co-extensive with a taxpayer's interest in the property. *MGIC Mortgage Corp. v. Bowen*, 572 P.2d 547, 549 (N.M. 1977). When the property owner-taxpayer's interest expires, so does the lien. *Id.* But that merely means the subject property's former owner must pay the taxes; it does not mean that the taxing authority is without recourse. *See* § 7-38-47 ("Property taxes are the personal obligation of the person owning the property on the date on which the property was subject to valuation for property taxation purposes . . . . The sale or transfer of property after its valuation date does not relieve the former owner of personal liability . . . .").

Further, under New Mexico law, the City cannot be held liable for any back taxes due and owing. *See State v. Locke*, 219 P. 790, 791 (N.M. 1923). The New Mexico Constitution specifically provides: "The property of the United States, the state and all counties, towns, cities and school districts . . . , shall be exempt from taxation." N.M. Const., art. VIII, § 3. As noted by the *Locke* court, such property is not taxed because then the state would merely be taxing itself. 219 P. at 793.

Simply stated, the court can find no authority for the City's position that the Department is a necessary party to this litigation. The City cannot impair the Department's right to any assessed taxes against EPE; the City can neither seek nor obtain any relief from the Department. The Department is therefore at best a nominal party whose

6

citizenship cannot destroy diversity jurisdiction in this matter and whose consent to removal was not required.

**IT IS THEREFORE ORDERED** that Petitioner's Motion For Remand [Doc. 8] is denied.

**IT IS SO ORDERED**.

Richard L. Puglisi
United States Magistrate Judge

FOR THE PETITIONER:

    Nann M. Houliston, Esq.
    Harry S. Connelly, Jr., Esq.
    William L. Lutz, Esq.

FOR THE RESPONDENTS:

    David F. Graham, Esq.
    Mark B. Blocker, Esq.
    Raul A. Carrillo, Esq.